OPINION *Page 2 
{¶ 1} Defendant-appellant Marci Lenarz appeals the January 20, 2006 Amended Journal Entry entered by the Guernsey County Court of Common Pleas, Juvenile Division, finding she was not entitled to claim her and plaintiff-appellee Derek McIntire's minor child for income tax purposes for the tax years 2003, and 2004, and finding her actions resulted in an overpayment of child support to her in the amount of $2,158.17.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee are the parents of Katlyn E. McIntire (DOB 8/1/97). The parties never married.
 {¶ 3} On July 14, 2000, the Guernsey County Child Support Enforcement Agency ("CSEA") prepared and issued an administrative order of child support, which provided for the financial support of Katlyn. Pursuant to said order, appellee was designated the obligor and ordered to pay the sum of $510.83/month in child support, which included processing charges. At the time, appellee's yearly income was $42,994, while appellant's yearly income was $16,494. On August 14, 2000, appellee filed a Complaint for Court Review of Administrative Findings/Orders, requesting a hearing on CSEA's July 14, 2000 support order. The trial court scheduled a hearing for October 25, 2000. On the day of the scheduled hearing, appellant filed a Motion for Order for Shared Parenting and Allocation of Parental Rights and Responsibilities. The trial court subsequently scheduled the matter for trial.
 {¶ 4} On January 3, 2001, the parties entered into an agreement regarding the allocation of parental rights and responsibilities. The parties executed an agreed *Page 3 
judgment entry which allocated parental rights and responsibilities. The trial court approved the entry, which was filed on January 5, 2001. Appellee was represented by counsel; appellant was not. Counsel for appellee drafted the agreed entry.
 {¶ 5} On August 22, 2005, appellee filed a Motion to Require [Appellant] to Show Cause Why She Should Not Be Held in Contempt of Court and Motion to Amend Visitation Order, requesting the trial court order appellant to show cause why she should not be held in contempt for failing to allow appellee's parents to visit Katlyn as contemplated by the trial court's January 5, 2001 Agreed Entry. Appellant filed a motion for modification of the parties' prior agreement with respect to visitation, child support and medical insurance. Appellee supplemented his motion to show cause, asserting appellant should be held in contempt for taking the tax dependency exemption for Katlyn on her 2003, and 2004 income tax returns. The trial court conducted a hearing on the motions on December 16, 2005. At the hearing, the parties entered into new agreements with respect to some of the issues. The trial court heard testimony on the remaining disputed issues.
 {¶ 6} The evidence presented at the hearing revealed appellee had claimed the child on his tax returns for the tax years 2001, and 2002, without incident. During 2003, appellee was unemployed for a period of approximately four months, during which time he received unemployment compensation. Child support was withheld from appellee's unemployment checks. However, the full amount of his child support obligation could not be withheld as the Ohio Consumer Protection Act does not permit the withholding of more than 45% of an individual's net pay. As a result, appellee's child support obligation was in the arrears in the amount of $289.45 by the end of 2003. Appellee did *Page 4 
not accrue any arrearages for the tax year 2004. Although he secured a new position at a higher salary, appellee did not satisfy the arrearage he owed, claiming he was unaware of the arrearage.
 {¶ 7} Knowing about the arrearage, appellant claimed Katlyn on her federal income tax returns for the tax years 2003, and 2004. Following appellant's filing her 2003 return, and without knowledge thereof, appellee filed his 2003 return, claiming the child as an exemption. The IRS notified appellee the child had already been claimed, and, as a result, he owed an additional $1447.63 in taxes. Appellant had anticipated a refund of $2,089.00. As mentioned supra, appellant filed her 2004 return, claiming the child as an exemption. Appellee subsequently filed his 2004 return, claiming the child as an exemption. As a result, appellee owed an additional $1,000 in tax liability.
 {¶ 8} Via Judgment Entry filed January 5, 2006, the trial court found appellant was not entitled to claim the child for income tax purposes for the tax years 2003, and 2004. The trial court also found, as a result of appellant's actions, appellee incurred a tax liability of $2,447.63. The trial court reduced the amount by the amount of the arrearage, and found such created an overpayment or surplus in the sum of $2,037.48. The trial court ordered the overpayment/surplus be carried forward by CSEA and applied to either any increased child support payments or the final child support payments, whichever came first. The trial court filed an Amended Journal Entry on January 20, 2006, correcting clerical errors.
 {¶ 9} It is from this judgment entry appellant appeals, raising the following assignments of error: *Page 5 
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT WAS NOT ENTITLED TO CLAIM THE CHILD AS A TAX EMEMPTION IN THE TAX YEARS 2003 AND 2004.
 {¶ 11} "II. THE TRIAL COURT ERRED WHEN IT ORDERED APPELLEE'S TAX LIABILITIES FOR 2003 AND 2004 TO BE OFFSET AGAINST HIS CHILD SUPPORT OBLIGATION.
 {¶ 12} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO DESIGNATE WHICH OF THE PARENTS WOULD BE ENTITLED TO CLAIM THE CHILD AS A TAX DEPENDENCY EMEMPTION IN FUTURE TAX YEARS PURSUANT TO R.C. 3119.82."
 I {¶ 13} In her first assignment of error, appellant maintains the trial court abused its discretion in finding she was not entitled to claim the child as a tax exemption for the tax years 2003, and 2004. Specifically, appellant asserts by finding she was not entitled to claim Katlyn as a tax exemption, the trial court implicitly found appellee's support obligation was "substantially current" as contemplated by R.C. 3119.82. Appellant submits the January 5, 2001 Agreed Journal Entry required appellee to be "current" with his support payments and did not include any language allowing for the obligation to be less than completely current before he could take the child tax exemption; therefore, the trial court abused its discretion in finding she was not entitled to claim Katlyn as an exemption in 2003, and 2004.
 {¶ 14} An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore *Page 6 v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In applying the abuse of discretion standard or review, we may not merely substitute our judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161.
 {¶ 15} R.C. 3119.82 provides, in pertinent part:[1]
 {¶ 16} "[T]he court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the courtdetermines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders,the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. (Emphasis added).
 {¶ 17} The January 5, 2001 Agreed Journal Entry provides, in relevant part:
 {¶ 18} "The parties further agree that the tax dependency exemption for the minor child herein, Katlyn E. McIntire (DOB: 8/1/97) is awarded unto the Plaintiff/father, Derek A. McIntire, commencing with the tax year 2000 and each year thereafter so long as the Plaintiff/Father iscurrent on his obligations for support and so long as the Defendant/mother is eligible to claim the earned income credit for the minor child on her tax filings * * *" (Emphasis added).
 {¶ 19} We agree with appellant the January 5, 2001 Agreed Journal Entry does not modify the word "current." However, when considering the equities involved and the amount of the arrearage involved, we find the trial court did not abuse its discretion in implicitly finding appellee's support obligation to be "substantially current". The *Page 7 
arrearage resulted from appellee's temporary layoff in early 2003. Prior to and since that time, appellee's support payments had/have been current.
 {¶ 20} Appellant's first assignment of error is overruled.
 II {¶ 21} In her second assignment of error, appellant contends the trial court erred in ordering appellee's tax liabilities for 2003, and 2004, be offset against his future child support obligations. Appellant asserts the trial court's order constitutes a retroactive modification of the parties' agreement, in violation of R.C. 3119.83 and 3119.84.
 {¶ 22} R.C. 3119.83 provides:
 {¶ 23} "Except as provided in section 3119.84 of the Revised Code, a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment."
 {¶ 24} R.C. 3119.84 reads:
 {¶ 25} "A court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."
 {¶ 26} We do not find the trial court's ruling which ordered appellee's tax liabilities offset against his future support obligations constitutes a retroactive modification of child support. By claiming Katlyn as a dependent in 2003, and 2004, appellant benefited financially, while appellee was burdened financially. But for appellant's actions, appellee would have received a tax refund in 2003, and 2004. The trial court's decision placed the parties in the position in which they would have been had appellant not *Page 8 
claimed the child. We note the trial court did not order any past or current support amount be offset, rather the offset applies to any future increase in appellee's support obligation or appellee's final support payments, whichever comes first.
 {¶ 27} Appellant's second assignment of error is overruled.
 III {¶ 28} In her final assignment of error, appellant argues the trial court erred in failing to designate which parent would be entitled to the tax exemption in future tax years as required by R.C. 3119.82.
 {¶ 29} Relevant to this assignment of error, R.C. 3119.82 reads:
 {¶ 30} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *"
 {¶ 31} Having found no such modification, supra, we find the trial court intended the future tax dependency exemption be determined in the manner agreed to by the parties in the January 5, 2001 Agreed Journal Entry; therefore, it was not required to make a further designation.
 {¶ 32} Appellant's third assignment of error is overruled. *Page 9 
 {¶ 33} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.
 By: Hoffman, J. Gwin, P.J. and Wise, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] R.C. 3119.82 became effective on March 22, 2001, approximately three months after the trial court filed the January 5, 2001 Agreed Journal Entry. *Page 1